IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARLLOWS BATTLE,**

    Petitioner,

v.                                                              No. 12-cv-0972 MCA/SMV

**STATE OF NEW MEXICO,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Motion To Vacate . . . Sentence under 28 U.S.C. § 2254 [Doc. 1] (hereinafter "Petition"), filed on September 17, 2012.  The Petitioner is incarcerated and proceeding pro se.  The Petition is typed but without the benefit of the standard form issued for the filing of a pro se habeas petition under § 2254.  Respondent filed its Answer . . . [Doc. 9] on November 5, 2012, denying Petitioner's claims and arguing, in part, that the Petition should be dismissed summarily because Petitioner does not meet the "in custody" requirement of 28 U.S.C. § 2254.  *Id.* at 2.  Petitioner replied on February 25, 2013.  *See* Petitioner's Traverse [Doc. 15] (hereinafter "Reply").  On September 26, 2012, the Honorable M. Christina Armijo, now Chief United States District Judge, referred this matter to me to recommend an ultimate disposition of the case.  Order of Reference . . . [Doc. 3].  Having reviewed the parties' submissions, the record in this case, and the applicable case law, I find that Petitioner is barred from seeking habeas relief pursuant to the Supreme Court's holding in

*Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394 (2001).  I recommend, therefore, that the Petition be dismissed without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner and four friends, traveling in two vehicles, were stopped at a checkpoint on Highway 54 in New Mexico on April 27, 2005.  [Doc. 9-1] at 40.  Agents discovered a large amount of marijuana in the trunk of one vehicle (not the one in which Petitioner was riding). *Id*. at 27.  Agents also discovered a small amount of marijuana concealed in the shoe of the driver of Petitioner's vehicle.  *Id*.  All five were arrested, and Petitioner was charged in New Mexico state district court with conspiracy to possess marijuana with the intent to distribute, a fourth degree felony.  Judgment and Suspended Sentence [Doc. 9-1] at 17.  On May 17, 2006, Petitioner entered into a Plea and Disposition Agreement, under which he pled no contest to conspiracy to possess marijuana with intent to distribute in violation of NMSA §§ 30-31-22(A)(1) and 30-28-2.  Plea and Disposition Agreement [Doc. 9-1] at 20–21.  The state district judge approved the plea agreement, *id*. at 22–23, and sentenced Petitioner to 18 months' imprisonment, Judgment and Suspended Sentence [Doc. 9-1] at 18.  The judge suspended the sentence and placed Petitioner on probation for 18 months.  *Id*.  It is this conviction which Petitioner seeks to challenge.  *See* Reply [Doc. 15] at 2.  Specifically, Petitioner asks the Court to enter a finding that he is innocent of the state charges, *id*., and to vacate the state court sentence, Petition [Doc. 1] at 7.  He did not file a direct appeal of the state court conviction or sentence. He successfully completed his sentence on November 13, 2007, Certificate of Completion of Sentence [Doc. 9-1] at 25, and, on November 2, 2007, was discharged from all obligations placed upon him by virtue of the state court sentence, Order of Discharge [Doc. 9-1] at 24.

On or about June 5, 2008, Petitioner was arrested for possession of "crack" cocaine with the intent to distribute, stemming from conduct that occurred on December 7, 2007. *See* Criminal Docket for Case # 3:08-cr-30072, U.S. District Court, Central District of Illinois [Doc. 9-1] at 9, 8.  He was charged in federal court with two counts of possession with the intent to distribute, as well as being a felon in possession of a firearm. *Id*. at 8.  He entered into a plea agreement on September 22, 2009. *Id*. at 14.  He pled guilty to all three counts and was sentenced to 160 months imprisonment, six years supervised release, and a $300 special penalty assessment.  Judgment in a Criminal Case [Doc. 9-1] at 1–6 (filed February 4, 2010).  He remains incarcerated pursuant to that sentence.

The gravamen of Petitioner's claim is that, "His seemingly minor New Mexico conviction later resulted in a significant increase to the sentence he received in federal court." [Doc. 1] at 15.  Interestingly, I cannot discern from the record before me whether the state court conviction did, in fact, enhance Petitioner's sentence on the federal charges.  The Docket Sheet for the federal case contains a Minute Entry for the sentencing hearing, which was held before United States District Judge Jeanne E. Scott on February 1, 2010.  [Doc. 9-1] at 14.  That entry reads, in pertinent part, as follows:

> With no objections, [the ]Court adopted the factual findings of the PSR as its own.  [The ]Court noted that the guidelines were advisory.   Arguments  of  counsel  [were ]heard  regarding sentencing.  Defendant exercised his right of allocution and addressed the Court.  [The ]Government's recommendation for downward departure [was ]accepted.  Defendant [was ]sentenced to 160 months imprisonment on each of [counts] 1 and 2, and 120 months on count 3, all to run concurrently; 6 years supervised release on each of counts 1 and 2, and 3 years on count 3, all to run concurrently; [and ]$300 special assessment.  Rights of appeal [were ]waived.  Defendant [was ]remanded to the custody of the US [Marshal].

*Id*. There is nothing in that entry—or anywhere else in the record—to support Petitioner's claim that his federal sentence was enhanced because of the prior state court conviction. Nonetheless, Petitioner has consistently raised the argument, in this action and in his attempt to collaterally attack the state court conviction, and no one has argued that his federal sentence was *not* enhanced as a result of the state court conviction. Therefore, the Court will assume that the state court conviction was used to enhance Petitioner's federal sentence.

As mentioned, Petitioner took no direct appeal from the state-court conviction or sentence. However, after he was sentenced in federal court he attempted to collaterally attack the state court conviction in state court. On February 1, 2011, he filed a state habeas petition in the state district court. Memorandum of Points and Authorities in Support of Collateral Attack 31-11-6 [Doc. 9-1] at 26.[1] The district court denied that petition on February 4, 2011. Dismissal of Petition . . .[Doc. 9-1] at 35–37. He then filed a Petition for Writ of Error Coram Nobis in the state district court on March 7, 2011. *See* Petition for Writ….[Doc. 9-1] at 38. The district court, treating the petition as a motion for relief under Rule 60(B) NMRA, denied it on April 8, 2011. Order Denying Writ of Error [Doc. 9-1] at 49–50 ("Defendant's subsequent criminal behavior does not create an 'exceptional circumstance' upon which to set aside the conviction herein.").

On August 24, 2011, Petitioner filed a Notice of Appeal in the state district court. [Doc. 9-1] at 51. He sought to appeal, not the original conviction, but the district court's denial of his Petition for Writ of Error Coram Nobis. *Id*. On December 5, 2011, he filed an Informal Docketing Statement (Criminal) in the Court of Appeals of the State of New Mexico. [Doc. 9-2]

---

[1] The reference is to the New Mexico state habeas statute, NMSA 1978 § 31-11-6.

at 31.  In that appeal he claimed, as he does here, that, "I am appealing due to Counsel neglected to inform me of the future collateral consequences of my plea."  *Id*. at 35.  He asked for the following relief: "To give me fair judgment as other Defendants . . . or vacate the judgment."  *Id*.  The Court of Appeals proposed summary affirmance.  Notice of Proposed Summary Disposition [Doc. 9-2] at 38.  Petitioner objected.  Informal Memorandum in Opposition to Summary Disposition (Criminal) [Doc. 9-2] at 45.  The Court of Appeals subsequently considered the appeal on its merits and, on March 26, 2012, issued a six-page Memorandum Opinion affirming the conviction and sentence.  Memorandum Opinion [Doc. 9-2] at 55–60.

Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of New Mexico on April 24, 2012.  [Doc. 9-2] at 61.  That petition was denied on May 15, 2012.  Order [Doc. 9-2] at 93.  Petitioner then filed his federal habeas petition on September 17, 2012.  [Doc. 1].  He claims that his state court conviction should be set aside because his retained counsel, Gary Mitchell, was constitutionally ineffective for failing to inform him of the "collateral consequences" of the plea, i.e., that it might result in his receiving a harsher sentence if he were to be convicted of another crime in the future.  *See generally id.* at 16–17.  Perhaps recognizing that his federal petition was untimely filed, Petitioner argues that he is entitled to equitable tolling because he is actually innocent of the state-court charges.  *Id*. at 15.

## ANALYSIS

Federal courts lack subject matter jurisdiction to consider a petition under § 2254 unless the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curaim); *see also Anderson-Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011) ("To obtain relief under § 2254,

the applicant must be 'in custody' under the challenged judgment."). However, the "in custody" requirement may be satisfied where the petitioner challenges "a conviction [that] was used to enhance the sentence he is now serving." *Anderson-Bey*, 641 F.3d at 453. In such circumstances, the petitioner does not directly challenge the prior enhancing conviction whose sentence he has already served (i.e., to which he is no longer in custody). *See Maleng*, 490 U.S. at 491. Instead, "a [petitioner] challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which [he] is no longer in custody." *Lackawanna*, 532 U.S. at 396.[2] Construing the Petition liberally, the Court will consider it as asserting a challenge to his federal sentence, as enhanced by the allegedly unconstitutional state court conviction. *See Maleng*, 490 U.S. at 493–94; *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Thus, he satisfies the "in custody" requirement.

Nevertheless, the Supreme Court has imposed strict limits on when an enhancing prior conviction can be reviewed under § 2254. In *Lackawanna*, the Supreme Court said:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

---

[2] *See also* 1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 8.2[c], at 437–38 (6th ed. 2011) ("In certain situations, however, a prisoner can challenge the legality of such a former conviction by filing a petition challenging the legality of the current sentence and asserting the current sentence has been or may be unlawfully enhanced or lengthened by the allegedly illegal prior conviction. By framing the claim as a challenge to the current sentence as enhanced or lengthened by the former conviction, the prisoner satisfies the 'in custody' requirement.").

*Lackawanna*, 532 U.S. at 403–04 (internal citation omitted).  Petitioner's Judgment and Sentence was entered on June 2, 2006.  [Doc. 9-1] at 17.  Rule 12-201(A)(2) NMRA dictates that parties must file an appeal within 30 days of a state district court's judgment.  Petitioner did not file a direct appeal, and his deadline for filing an appeal thus ran on July 3, 2006, the first business day following 30 days after entry of judgment.  *See* Rule 1-006(A) NMRA (describing computation of time when last day falls on a weekend).   Petitioner's state court conviction is therefore no longer open to direct appeal.  Petitioner did file a state habeas petition based on the same arguments he raises in this action.  *Compare* [Doc. 9-1] at 26–33, *with* Petition [Doc. 1].  That petition was denied.  Dismissal of Petition . . . [Doc. 9-1] at 35.  Thus, Petitioner's "state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)," and he "may not challenge [his] enhanced [federal] sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna*, 532 U.S. at 403–04.

The *Lackawanna* Court noted but one exception to the rule: "where there was a failure to appoint counsel in violation of the Sixth Amendment." *Id*. at 404.[3]  This exception is not to be confused with a defendant's constitutional right to *effective* counsel under *Strickland v. Washington,* 466 U.S. 668 (1984).  As the Tenth Circuit pointed out in *Anderson-Bey*, the language in *Lackawanna* regarding "failure to appoint counsel," means "failure to appoint

---

[3]  Three of the five members of the Court's majority suggested that there may also be an exception where "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." *Lackawanna*, 532 U.S. at 406.  The Court of Appeals for the Tenth Circuit has recognized the second exception as good law.  *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).  However, Petitioner does not argue that the second exception applies in his case.  It would be frivolous to make such an argument when he has already pursued, and lost, a state habeas petition.

counsel for an indigent not represented by counsel." *Anderson-Bey*, 641 F.3d at 454 n.2 ("As we read *Lackawanna*, the exception to its general rule applies only when the defendant had no counsel in the earlier state proceeding."). Petitioner was not indigent in the state court proceeding, nor was he without counsel. He was represented by retained counsel. The *Lackawanna* exception, therefore, is unavailing to Petitioner.

I find that this Court is barred from reviewing Petitioner's § 2254 Petition pursuant to the Supreme Court's holding in *Lackawanna*. I respectfully **RECOMMEND**, therefore, that the Petition [Doc. 1] be DISMISSED *without prejudice*.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**