IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CARLLOWS BATTLE,**

    Petitioner,

v.                                                            No. 12-cv-0972 MCA/SMV

**STATE OF NEW MEXICO,**

    Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 16] ("PF&RD"), issued on June 19, 2013. On reference by the Court, [Doc. 3], the Honorable Stephan M. Vidmar, United States Magistrate Judge, recommended that the Petition under 28 U.S.C. § 2254 [Doc. 1] be dismissed without prejudice as barred by *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394 (2001). Petitioner objected to the PF&RD on July 22, 2013. [Doc. 19]. The Court, having reviewed the record and relevant law, having made a de novo determination of the challenged portions of the PF&RD, and being otherwise fully advised in the premises, will OVERRULE the Objections [Doc. 19], ADOPT the PF&RD [Doc. 16], DENY the Petition [Doc. 1], and DISMISS this action without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner and four friends, traveling in two vehicles, were stopped at a checkpoint on Highway 54 in New Mexico on April 27, 2005. [Doc. 9-1] at 40. Agents discovered a large amount of marijuana in the trunk of one vehicle (not the one in which Petitioner was riding).

*Id*. at 27.  Agents also discovered a small amount of marijuana concealed in the shoe of the driver of Petitioner's vehicle.  *Id*.  All five were arrested, and Petitioner was charged in New Mexico state district court with conspiracy to possess marijuana with the intent to distribute, a fourth degree felony.  Judgment and Suspended Sentence [Doc. 9-1] at 17.  On May 17, 2006, Petitioner entered into a Plea and Disposition Agreement, under which he pleaded no contest to conspiracy to possess marijuana with intent to distribute in violation of NMSA §§ 30-31-22(A)(1) and 30-28-2.  Plea and Disposition Agreement [Doc. 9-1] at 20–21.  The state district judge approved the plea agreement, *id*. at 22–23, and sentenced Petitioner to 18 months' imprisonment, Judgment and Suspended Sentence [Doc. 9-1] at 18.  The judge suspended the sentence and placed Petitioner on probation for 18 months.  *Id*.  It is this conviction that Petitioner seeks to challenge.  *See* Reply [Doc. 15] at 2.  Specifically, Petitioner asks the Court to enter a finding that he is innocent of the state charges, *id*., and to vacate the state court sentence, Petition [Doc. 1] at 7.  He did not file a direct appeal of the state court conviction or sentence.  He successfully completed his sentence on November 13, 2007, Certificate of Completion of Sentence [Doc. 9-1] at 25, and, on November 2, 2007, was discharged from all obligations placed upon him by virtue of the state court sentence, Order of Discharge [Doc. 9-1] at 24.

    On or about June 5, 2008, Petitioner was arrested for possession of "crack" cocaine with the intent to distribute, stemming from conduct that occurred on December 7, 2007.  *See* Criminal Docket for Case # 3:08-cr-30072, U.S. District Court, Central District of Illinois [Doc. 9-1] at 9, 8.  He was charged in federal court with two counts of possession with the intent to distribute, as well as being a felon in possession of a firearm.  *Id*. at 8.  He entered into a plea agreement on September 22, 2009.  *Id*. at 14.  He pleaded guilty to all three counts and was

sentenced to 160 months' imprisonment, six years supervised release, and a $300 special penalty assessment. Judgment in a Criminal Case [Doc. 9-1] at 1–6 (filed February 4, 2010). He remains incarcerated pursuant to that sentence.

The gravamen of Petitioner's claim is that, "His seemingly minor New Mexico conviction later resulted in a significant increase to the sentence he received in federal court." [Doc. 1] at 15. Judge Vidmar found that the record did not indicate whether the state court conviction did, in fact, enhance Petitioner's sentence on the federal charges. [Doc. 19] at 3. The docket for the federal case contains a Minute Entry for the sentencing hearing, which was held before United States District Judge Jeanne E. Scott on February 1, 2010. [Doc. 9-1] at 14. That entry reads, in pertinent part, as follows:

> With no objections, [the ]Court adopted the factual findings of the PSR as its own. [The ]Court noted that the guidelines were advisory. Arguments of counsel [were ]heard regarding sentencing. Defendant exercised his right of allocution and addressed the Court. [The ]Government's recommendation for downward departure [was ]accepted. Defendant [was ]sentenced to 160 months imprisonment on each of [counts] 1 and 2, and 120 months on count 3, all to run concurrently; 6 years supervised release on each of counts 1 and 2, and 3 years on count 3, all to run concurrently; [and ]$300 special assessment. Rights of appeal [were ]waived. Defendant [was ]remanded to the custody of the US [Marshal].

*Id*. There is nothing in that entry—or anywhere else in the record—to support Petitioner's claim that his federal sentence was enhanced because of the prior state court conviction. Nonetheless, Petitioner has consistently raised the argument in this action and in his attempt to collaterally attack the state court conviction, and no one has argued that his federal sentence was *not* enhanced as a result of the state court conviction. Therefore, Judge Vidmar assumed that the state court conviction was used to enhance Petitioner's federal sentence. [Doc. 19] at 3.

3

As mentioned, Petitioner took no direct appeal from the state-court conviction or sentence. However, after he was sentenced in federal court in Illinois he attempted to collaterally attack the state court conviction in New Mexico state court. On February 1, 2011, he filed a state habeas petition in the New Mexico state district court. Memorandum of Points and Authorities in Support of Collateral Attack 31-11-6 [Doc. 9-1] at 26.[1] The state district court denied that petition on February 4, 2011. Dismissal of Petition . . .[Doc. 9-1] at 35–37. He then filed a Petition for Writ of Error Coram Nobis in the state district court on March 7, 2011. *See* Petition for Writ….[Doc. 9-1] at 38. The state district court, treating the petition as a motion for relief under Rule 60(B) NMRA, denied it on April 8, 2011. Order Denying Writ of Error [Doc. 9-1] at 49–50 ("Defendant's subsequent criminal behavior does not create an 'exceptional circumstance' upon which to set aside the conviction herein.").

On August 24, 2011, Petitioner filed a Notice of Appeal in the state district court. [Doc. 9-1] at 51. He sought to appeal, not the original conviction, but the district court's denial of his Petition for Writ of Error Coram Nobis. *Id*. On December 5, 2011, he filed an Informal Docketing Statement (Criminal) in the Court of Appeals of the State of New Mexico. [Doc. 9-2] at 31. In that appeal he claimed, as he does here, that, "I am appealing due to Counsel neglected to inform me of the future collateral consequences of my plea." *Id*. at 35. He asked for the following relief: "To give me fair judgment as other Defendants . . . or vacate the judgment." *Id*. The Court of Appeals proposed summary affirmance. Notice of Proposed Summary Disposition [Doc. 9-2] at 38. Petitioner objected. Informal Memorandum in Opposition to Summary Disposition (Criminal) [Doc. 9-2] at 45. The Court of Appeals subsequently considered the

---

[1] The reference is to the New Mexico state habeas statute, NMSA 1978 § 31-11-6.

appeal on its merits and, on March 26, 2012, issued a six-page Memorandum Opinion affirming the conviction and sentence.  Memorandum Opinion [Doc. 9-2] at 55–60.  Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of New Mexico on April 24, 2012.  [Doc. 9-2] at 61.  That petition was denied on May 15, 2012.  Order [Doc. 9-2] at 93.

Petitioner then filed his federal habeas petition on September 17, 2012.  [Doc. 1].  He claims that his state court conviction should be set aside because his retained counsel, Gary Mitchell, was constitutionally ineffective for failing to inform him of the "collateral consequences" of the plea, i.e., that it might result in his receiving a harsher sentence if he were to be convicted of another crime in the future.  *See generally id.* at 16–17.  Perhaps recognizing that his federal petition was untimely filed, Petitioner argues that he is entitled to equitable tolling because he is actually innocent of the state-court charges.  *Id.* at 15.  Respondent filed its Answer . . . [Doc. 9] on November 5, 2012, denying Petitioner's claims and arguing, in part, that the Petition should be dismissed summarily because Petitioner does not meet the "in custody" requirement of 28 U.S.C. § 2254.  *Id.* at 2.  Petitioner replied on February 25, 2013.  *See* Petitioner's Traverse [Doc. 15] (hereinafter "Reply").

Judge Vidmar liberally construed the Petition as challenging the federal sentence as enhanced by an allegedly unconstitutional state court conviction and, therefore, determined that Petitioner met the "in custody" requirement.  [Doc. 16] at 6 (citing *Maleng v. Cook*, 490 U.S. 488, 493–94 (1989) (per curaim)).  Nevertheless, Judge Vidmar went on to find that Petitioner's "state conviction [was] no longer open to direct or collateral attack in its own right because [Petitioner] failed to pursue those remedies while they were available (or because [he] did so unsuccessfully)," and he "may not challenge [his] enhanced [federal] sentence through a petition

5

under § 2254 on the ground that the prior conviction was unconstitutionally obtained." [Doc. 16] at 7 (quoting *Lackawanna*, 532 U.S. at 403–04). Finally, Judge Vidmar found that Petitioner did not meet the exception to the *Lackawanna* rule in cases "where there was a failure to appoint counsel in violation of the Sixth Amendment," because Petitioner was represented in state court by retained counsel. [Doc. 16] at 7 (quoting *Lackawanna*, 532 U.S. at 404). Ultimately, Judge Vidmar recommended that the Petition [Doc. 1] be denied and the case dismissed without prejudice. [Doc. 16] at 8.

Petitioner makes two objections. [Doc. 19]. First, he argues that he was actually innocent of the underlying conviction, which led to his enhancement. *Id.* However, a § 2254 movant cannot prevail on claim of innocence without coming forward with new evidence that was not available to him at the time of his conviction. *See House v. Bell*, 547 U.S. 518, 526 (2006); *Titsworth v. Mullin*, No. 10-7078, 415 F. App'x 28, 31, 2011 WL 379322 (10th Cir. Feb. 7, 2011) (unpublished) (requiring new evidence discovered after conviction to succeed on actual innocence claim). Petitioner's evidence of his innocence was known to him when he pleaded guilty; he offers nothing new. [Doc. 1] at 3–6; [Doc. 19] at 3. Thus, his claim of actual innocence fails. The objection is OVERRULED.

Second, he argues that his trial counsel was so deficient that it amounted to a "constructive denial of counsel." [Doc. 19] at 3. Petitioner argues that his attorney did not advise him of the future collateral consequences of his guilty plea, *id.* at 1, and that he pleaded guilty despite his innocence because he could not afford to continue to travel between Illinois and New Mexico to proceed to trial, [Doc. 1] at 3–6. Petitioner urges that his allegations "arguably satisfy Lackawanna's requirements to avoid dismissal." [Doc. 19] at 3. Petitioner is

incorrect.  *Lackawanna* recognizes no exception for constructive denial of counsel.  *See Anderson-Bey v. Zavaras*, 641 F.3d 445, 454 n.2 (10th Cir. 2011) ("As we read *Lackawanna*, the exception to its general rule applies only when the defendant had no counsel in the earlier state proceeding."); *McGowan v. Roe*, No. 04-55789, 128 F. App'x 35, 36 (9th Cir April 1, 2005) (unpublished) (rejecting constructive-denial-of-counsel argument to avoid *Lackawanna*). Petitioner's circumstances fail to meet the *Lackawanna* exception of denial of counsel.  The objection is OVERRULED.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Objections [Doc. 19] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 16] are **ADOPTED**.

**IT IS FURTHER ORDERED** that the Petition [Doc. 1] is **DENIED**, and this action is **DISMISSED without prejudice**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**